Case MDL No. 2173   Document 51   Filed 08/06/10   Page 1 of

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 06, 2010

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: TRANSITIONS LENSES
ANTITRUST LITIGATION                                    MDL No. 2173

**TRANSFER ORDER**

  **Before the entire Panel:**  Plaintiffs in the Southern District of Florida *See-Mor Optical* action and the Middle District of Florida *Railway Optical* action have separately moved for centralization, pursuant to 28 U.S.C. § 1407, of a total of eight actions listed on Schedule A.  Plaintiff in *See-Mor Optical* seeks centralization in the Southern District of Florida or, alternatively, the Middle District of Florida. Plaintiff in *Railway Optical* seeks centralization in the Middle District of Florida.

  This litigation consists of eight actions pending as follows: three actions in the Middle District of Florida, two actions in the Western District of Washington, and an action each in the Central District of California, the Southern District of Florida, and the Western District of Wisconsin.[1]

  Only plaintiff in a Northern District of California potential tag-along action opposes inclusion of his action in centralized proceedings.  This plaintiff alternatively supports centralization in the Middle District of Florida.

  The remaining parties agree that centralization is appropriate but differ as to the selection of a transferee forum.  Plaintiff in the Middle District of Florida *B&B Eyes* action supports centralization in the Middle District of Florida.  Plaintiff in the Middle District of Florida *First Image Optical* action supports centralization in Middle District of Florida or, alternatively, the Southern District of Florida.  Plaintiffs in the Southern District of Florida *Gary Stevens Eyes* and the *Optical Supply* potential tag-along actions support centralization in the Southern District of Florida or, alternatively, the Middle District of Florida.  Plaintiff in the Northern District of Texas *Central Illinois Vision Associates* potential tag-along action supports centralization in the Northern District of Texas.  Plaintiffs in the Western District of Washington actions support centralization in the Western District of Washington

---

 [1] The parties have notified the Panel of twelve related actions pending as follows: three actions in the Western District of Washington, two actions each in the Middle and Southern Districts of Florida, and an action each in the Northern District of California, the District of District of Columbia, the District of Delaware, the District of Kansas, and the Northern District of Texas.  These actions and any other related actions are potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

or, alternatively, the Middle District of Florida. Plaintiffs in two Western District of Washington potential tag-along actions support centralization in the Western District of Washington. Plaintiff in a District of District of Columbia potential tag-along action supports centralization in the District of District of Columbia. Plaintiff in a District of Delaware potential tag-along action supports centralization in the Eastern District of Pennsylvania.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this antitrust litigation. These actions share factual questions relating to alleged anticompetitive conduct in the photochromic lens industry. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Middle District of Florida stands out as an appropriate transferee forum. All domestic defendants and plaintiffs in a majority of the actions support transfer to this district as a first or alternative choice; no other forum has comparable support. Additionally, relevant documents and witnesses are possibly found there, inasmuch as Transitions has its principal place of business in the Middle District of Florida. By centralizing these actions before Judge James D. Whittemore, we are selecting an experienced transferee judge to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Florida are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable James D. Whittemore for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that this litigation is renamed "In re: Photochromic Lens Antitrust Litigation."

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

**IN RE: TRANSITIONS LENSES**
**ANTITRUST LITIGATION** MDL No. 2173

## SCHEDULE A

<u>Central District of California</u>

Amanda Gable v. Transitions Optical, Inc., C.A. No. 8:10-487

<u>Middle District of Florida</u>

B & B Eyes, Inc. v. Transitions Optical, Inc., et al., C.A. No. 8:10-984
Railway Optical, Inc., etc. v. Transitions Optical, Inc., et al., C.A. No. 8:10-1004
First Image Optical v. Transitions Optical, Inc., et al., C.A. No. 8:10-1032

<u>Southern District of Florida</u>

See-Mor Optical of Hewlett, Inc. v. Transitions Optical, Inc., et al., C.A. No. 1:10-21289

<u>Western District of Washington</u>

Nouveau Vision, Inc. v. Transitions Optical, Inc., et al., C.A. No. 2:10-547
Arthur L. Cartier Optics v. Transitions Optical, Inc., et al., C.A. No. 2:10-694

<u>Eastern District of Wisconsin</u>

Axhi Sabani v. Transitions Optical, Inc., C.A. No. 2:10-332